UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ARMSTRONG and
BEVERLY ARMSTRONG,

        Plaintiffs,

v.

PETER JAMES MANAGEMENT, LLC, ET AL.,

        Defendants.

_____/

Case No. 15-14309

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER DISMISSING CASE**

      Defendants Peter James Management LLC and John Frazer filed a Motion to Dismiss [Dkt. # 8] on January 6, 2016. Defendants Wayne County Treasurer, Zenna Elhasan, and Richard Stanley filed a Motion to Dismiss [16] on January 13, 2016. Plaintiffs have not filed a response to either Motion to Dismiss. On February 19, 2016, the Court issued an Order for Plaintiffs to Show Cause Why the Court Should Not Grant Defendants' Motions to Dismiss and/or Dismiss the Case in Its Entirety for Lack of Subject-Matter Jurisdiction [21]. The Court ordered Plaintiffs to show cause in writing by March 15, 2016. On March 15, 2016,

Plaintiffs filed a Letter [22].  The letter does not mention the motions to dismiss, the Court's order to show cause, or the Court's subject-matter jurisdiction.

The Court holds that Plaintiffs' claims must be dismissed under the doctrine of res judicata.  Under that doctrine, the Court "must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816–17 (6th Cir. 2010) (quoting *Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir. 2007)).  As applied by Michigan courts, res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first."  *Id.* (quoting *Abbott,* 474 F.3d at 331).

Here, Defendants Wayne County Treasurer and City of Detroit Treasurer foreclosed on Plaintiffs' home for delinquent 2010 property taxes and sold the home to Defendant Peter James Management LLC. Plaintiffs' pro se complaint appears to allege that the foreclosure and sale violated due process because Plaintiffs were not truly delinquent on their 2010 property taxes and because Defendants provided inadequate notice.  Plaintiffs made the same arguments in an action to quiet title that they filed against Wayne County, the City of Detroit, and Peter James Management in the Michigan courts.  The Wayne County Circuit Court granted the defendants summary disposition, and the Michigan Court of

Appeals affirmed the judgment. *Armstrong v. Peter James Management, LLC*, No. 321222, 2015 WL 5314447 (Ct. App. Mich. Sept. 10, 2015). The Michigan Court of Appeals specifically held that Plaintiffs "cannot demonstrate that they were denied due process," that "Wayne County complied with the [applicable] notice provisions," and that there was no merit to Plaintiffs' argument that they actually paid the 2010 property taxes. *Id.* at *2. All Defendants in this case were defendants in the state court case or privies thereto, and all have raised res judicata as an affirmative defense. The Court concludes that res judicata bars Plaintiffs' claims, which must therefore be dismissed.[1] Accordingly,

**IT IS ORDERED** that the pending Motions to Dismiss [8, 16] are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 22, 2016              Senior United States District Judge

---

[1] This dismissal is not for lack for subject-matter jurisdiction; res judicata does not strip the Court of jurisdiction. *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326 (6th Cir. 2013) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 582 (6th Cir. 2009)).